**United States District Court**
For the Northern District of California

1

2

3          IN THE UNITED STATES DISTRICT COURT

4        FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6                                         Nos. C 13-1513 CW
                                               C 13-1888 CW
7
   In re:                                 Bk. Nos. 12-32655-HLB
8                                                  12-03183-HLB
   Robert Franklin Van Zandt,                      12-03184-HLB
9
          Debtor.                         ORDER DISMISSING APPEALS
10                                        (Case Nos. 13-1513 and
                                          13-1888)
11

12   _____/

13

14        Debtor Robert Franklin Van Zandt has filed four separate

15   appeals challenging orders of the Bankruptcy Court.  Two of the

16   cases Mr. Van Zandt has filed are appeals from orders denying

17   motions to dismiss two separate adversary cases in the Bankruptcy

18   Court.  See BK No. 12-03183, Docket No. 37, BK No. 12-03184,

19   Docket No. 29.  "Because an order denying a motion to dismiss is

20   an interlocutory order, there is no direct right of appeal."

21   Betta Prods., Inc. v. Distributions Sys. & Servs., Inc. (In re

22   Betta Prods.), 2007 U.S. Dist. LEXIS 81621, *3 (N.D. Cal.).

23        District courts have the discretion to grant leave to appeal

24   interlocutory bankruptcy court orders and may consider a notice of

25   appeal as a motion for leave to appeal.  28 U.S.C. § 158(3); Fed.

26   R. Bankr. P. 8003(c).  In considering whether leave should be

27   granted, the Court will look to 28 U.S.C. § 1292(b).  In re Betta

28   Prods., 2007 U.S. Dist. LEXIS 81621 at *3; In re Sperna, 173 B.R.

654, 658 (9th Cir. BAP 1994).  Pursuant to that section, review of

an interlocutory order is appropriate when

> such order involves a controlling question of law as to
> which there is substantial ground for difference of
> opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the
> litigation.

28 U.S.C. § 1292(b).

The Court finds that the Bankruptcy Court's orders denying

Mr. Van Zandt's motions to dismiss these adversary proceedings

fail to meet this standard.  The Court construes Mr. Van Zandt's

Notices of Appeal in Docket Nos. 13-1513 and 13-1888 to be motions

for leave to appeal an interlocutory order and denies both

motions.  Accordingly, the Court DISMISSES Docket Nos. 13-1513 and

13-1888.


IT IS SO ORDERED.


Dated:  5/1/2013

CLAUDIA WILKEN
United States District Judge

2